UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DONALD WHITE, ) | |
| ) | |
| Plaintiff, ) | Cause No.: |
| ) | |
| vs. ) | **JURY TRIAL REQUESTED** |
| ) | |
| RODEMYER-CHRISTEL, INC. ) | |
| ) | |
| Defendant. ) | |

COMPLAINT

COMES NOW, Plaintiff Donald White, by and through his undersigned counsel, and for his Complaint and causes of action against Rodemyer-Christel, Inc., states and alleges as follows:

JURISDICTION AND VENUE

1. Plaintiff Donald White (hereinafter referred to as "Plaintiff") brings this action against Defendant Rodemyer-Christel, Inc. (hereinafter referred to as "Defendant") for its violations of Plaintiff's rights under the Constitution and laws of the United States of America.

2. This is an action for unlawful discrimination based on sex, retaliation and harassment brought under and pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §1981.

3. On or about June 27, 2019 Plaintiff was deemed to have filed his Charges of Discrimination with both the Missouri Commission on Human Rights (hereinafter referred to as "MCHR") and the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), complaining of the acts of discrimination based on race as alleged herein.

4. Plaintiff received his Notice of Right to Sue from the EEOC on or about July 14, 2020. See attached Notice of Right to Sue attached hereto, incorporated by reference herein and marked as Exhibit 1.

5. Accordingly, Plaintiff has fully complied with all prerequisites to jurisdiction of this Court under Title VII, 42 U.S.C. §2000 et seq.

6. The discriminatory action of Defendant occurred in the City of St. Louis, State of Missouri.

7. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 for Plaintiff's claims under Title VII, 42 U.S.C. §1981 relative to discrimination based on sex, retaliation and harassment and to the American with Disabilities Act, 28 U.S.C. §1331 relative to discrimination based on disability, and more specifically this is a federal question of law.

8. Venue is proper in this District pursuant to 28 U.S.C §1391(b)(2) in that Defendant's unlawful employment practices and misconduct were committed in the City of St. Louis, State of Missouri.

9. Plaintiff requests a trial by jury on all issues triable to a jury.

## PARTIES

10. Plaintiff Donald White, was at all times relevant to this action a citizen and resident of the City of St. Louis, State of Missouri, and was continuously employed by Defendant from on or July 2009 through February 10, 2020, when he was terminated.

11. At all times relevant to this action, Defendant was a corporation, located in St. Louis City, Missouri and is an employer within the meaning of Title VII and the ADA..

12. All of Defendant's conduct, acts and omissions were performed by its agents, representatives and employees while in the course and scope of their agency employment.

## FACTS COMMON TO ALL COUNTS

13. On January 2, 2019, Plaintiff went to his supervisor, Muffy Dougherty's office to report an incident involving harassment based on his sexuality from his co-worker Dominic

Dunnavant.  By the time of his attempted report on January 2, 2019, Ms. Dougherty was fully aware of what had transpired between Plaintiff and Mr. Dunnavant.  Ms. Dougherty took his report but did not read it and showed no interest in speaking to a witness, co-worker, Clinton Melton.  Ms. Dougherty merely indicated that she would speak to him later.  At that time, Plaintiff told Ms. Dougherty that he was upset and extremely troubled by Mr. Dunnavant's actions and that he felt unsafe to be alone in the building with Mr. Dunnavant.  Ms. Dougherty was dismissive and unsympathetic.  Despite her lack of concern, Plaintiff pressed his point stating that he could not work with Mr. Dunnavant and that he was a threat.  Plaintiff asked if his schedule could be adjusted to avoid contact with Mr. Dunnavant.  Ms. Dougherty only conceded by adjusting his starting time.  At this point, Ms. Dougherty determined that the issue was closed..

14. Shortly following his report of harassment, on January 12, 2019, a major winter storm struck, and Plaintiff knew that he would be on duty alone and that no additional assistance would be available.  Because his precautions the day before were not heeded by Ms. Dougherty, he was forced to use the large snow blower to clear the driveways, parking lot and sidewalks.  Handling the machine caused Plaintiff to suffer knee and back injuries.

15. Following this incident, the next day, January 13, 2019, Plaintiff approached Ms. Dougherty and told her what occurred and the pain that he was experiencing as a result of using the snow blower.  Ms. Dougherty only replied "Ok, Ok" and nothing more. Plaintiff then completed an accident report and placed same on her desk.  Ms. Dougherty did not mention the matter any further.   As a result of the work-related injury, Plaintiff suffered more difficulty walking.

16. Thereafter, on March 16, 2019, Plaintiff again reported the tension between him and Mr. Dunnavant and that Mr. Dunnavant was now stalking him. Plaintiff explained to Ms. Dougherty that at every opportunity, Mr. Dunnavant appeared in his work areas, despite the fact that Mr. Dunnavant was the doorman and he was a Porter. On this date, co-worker Greg Williams stopped in to get his check and he and Plaintiff were talking in the break room when Mr. Dunnavant entered and just stared and then slammed the door. Mr. Williams was troubled enough to report the incident to Ms. Dougherty.

17. On March 26, 2019, Ms. Daugherty called an emergency staff meeting and stated that "Someone who must not be named has filed a complaint at the corporate office against all of the staff". When Plaintiff asked if it was Mr. Dunnavant, she refused to corroborate same, but stated that claim involved sexual harassment, employees being absent from their assignments and falsification of time cards. Ms. Dougherty then stated that "NO ONE WAS TO KNOW ABOUT IT, and there was to be absolutely NO RETALIATION". Ms. Dougherty then emphasized that staff could be fired. Ms. Dougherty then told staff that she needed incident reports and if there were any complaints they should be sent to her office. At that point Plaintiff asked what happened to his January 2, 2019 report about Mr. Dunnavant as well as the January 12, 2019 accident report. Ms. Dougherty ignored Plaintiff's questions. Plaintiff felt it was clear that he had angered Ms. Dougherty. After other employees raised questions she demanded that Plaintiff resubmit his reports.

18. Two days later, on March 28, 2019 Plaintiff was seen by his physician and received work restrictions of no lifting in excess of twenty pounds and no repetitive lifting. Plaintiff sent the restrictions to Ms. Dougherty in an email and he also expressed his concerns

with her handling of his reports, the hostile work environment created by Mr. Dunnavant dating back to December of 2018.

19. The next day, March 29, 2019 Plaintiff went to Ms. Dougherty's office to give her a hardcopy of his restrictions. Ms. Dougherty would not open the letter so Plaintiff informed her of the contents of the letter and the work restrictions. Plaintiff explained to Ms. Dougherty that the restrictions were similar to the restrictions he had a few years ago after surgery to his legs. Plaintiff informed Ms. Dougherty that the only real problem would be pulling trash. Ms. Dougherty only replied "OK" and then dropped the issue. Instead, Ms. Dougherty then focused on his March 28, 2019 email the night before in which she had tried to alter but it was locked. Ms. Dougherty indicated to Plaintiff that she was attempting to change it because she did not approve of some of the statements and she ridiculed Plaintiff's use of the word "egregious". Thereafter, Ms. Dougherty began to copy segments of Plaintiff's email and the attached incident report and paste them into a new document that she had started. Plaintiff did not authorize the document Ms. Dougherty created on March 29, 2019.

20. As of April 15, 2019, Mr. Dunnavant remained and his continued harassment of Plaintiff continued. Plaintiff had to request assistance from another co-worker Mike Stanton to assist with trash pull as Ms. Dougherty never removed that as a duty per restrictions. Ms. Dougherty refused to speak with Plaintiff and/or accommodate his hip and knee issues.

21. As a result of Plaintiff's hip and knee issues he had to seek medical treatment due to being forced to pull trash against his working restrictions which he had supplied to Ms. Dougherty. In direct correlation, on May 28, 2019, Orthopedic Specialist Cecilia Pascual-Garrido diagnosed Plaintiff with a torn labrum of the hip, due to arthritic build-up and that arthroscopic surgery would be required. Plaintiff's condition required him to take medical leave

from May 22, 2019 through May 29, 2019.  Dr. Pascual-Garrido was made aware of Plaintiff's work duties and she restricted Plaintiff to light duty with no trash pull.

      22.     Following Plaintiff's return to duty, Ms. Dougherty refused to relieve Plaintiff of any of his duties, pre-injury.  Ms. Dougherty instead increased Plaintiff's workload.  Plaintiff sought out Ms. Dougherty to confirm her receipt of his restrictions.  During that period Plaintiff was met by Mr. Williams who informed him that residents were complaining as Darrick had not been performing his duties.  When Plaintiff saw Darrick, he was obviously annoyed that Plaintiff had been absent, which caused Plaintiff to keep my distance from Darrick.  Eventually when Plaintiff met with Ms. Dougherty on May 29, 2019 she informed him that she would place him on "light duty".  Ms. Dougherty went on to inform Plaintiff that he would be accommodated by placing him on the front desk (a sit down job) to accommodate a leave request for Mr. Williams.  Plaintiff then informed Ms. Dougherty that sitting for long periods of time would exacerbate his condition.  Ms. Dougherty refused to place one of the four doormen in Mr. Williams' place during his absence.  Because Ms. Dougherty would not change her mind, Plaintiff complied and performed the duties as instructed.

      23.     That day, May 29, 2019, Plaintiff returned to his normal duties, aside from trash pull.  Thereafter, on Friday May 31, 2019, Plaintiff worked the front-desk, in place of Mr. Williams, as instructed by Ms. Dougherty; albeit Ms. Dougherty was aware the duty would negatively impact Plaintiff's condition.  During this day, serving in Mr. Williams' role Plaintiff was not allowed a lunch break.  That day Plaintiff watched Darrick fail to properly perform the duties that were under his description as a Porter.  In addition, Darrick's anger with Plaintiff was obvious, and he felt that this had created yet a second hostile work environment based on his sexuality.

24. On June 25, 2019, during the morning meeting, Ms. Dougherty continued to assign Plaintiff Darrick's duties, including pool area responsibilities and continued to assign Plaintiff to assist Darrick further with his duties. Ms. Dougherty claimed that Plaintiff had offered to do so, which was not true, as Plaintiff had only asked for light duty assignments per his restrictions. At the same time, during the meeting, Ms. Dougherty became upset and demoted Plaintiff by removing him from being a Supervisor. Following the meeting Plaintiff was still required to pull trash which again was outside of his restrictions.

25. Later that afternoon, on June 25, 2019, Ms. Dougherty called Plaintiff into her office and threatened that "when this is all over you will either get with the program or you'll find yourself working somewhere else."

26. Since returning to work, Plaintiff's condition has worsened. Ms. Dougherty has chosen not fully comply with Plaintiff's medical restrictions as she has "excused" Plaintiff from "main trash pull" duties on the residential floors, but Plaintiff was expected to pull trash and the newspaper recycling tubs located in other areas of the building. Ms. Dougherty maintains that this complies with light duty as this is a separate duty not in Plaintiff's purview. Ms. Dougherty's delay in adhering to Plaintiff's lifting restrictions and continued assignment of duties that are outside of Plaintiff's restrictions has only increased his pain. In addition, Ms. Dougherty's failure to address the hostile work environment as caused Plaintiff stress, anxiety and concern for his safety with co-workers.

27. Defendant's behavior in fact damaged Plaintiff and Defendant's behavior was willful and wanton and such actions constitute the requisite acts to support and justify punitive damages.

28. Defendant acted with malice or reckless indifference to federal laws, and it made no good faith effort to comply with federal law. Such actions constitute the requisite acts to support and justify punitive damages.

29. As a direct and proximate result of Defendant's actions and inactions alleged herein, Plaintiff has sustained, and is reasonably certain to sustain in the future irreparable harm in numerous respects, including, but not limited to the following:

   a. Pecuniary and non-pecuniary losses, including, but not limited to, past and future lost wages, employment and job benefits, inconvenience;

   b. Loss of prestige among his co-workers and friends;

   c. Damages relative to embarrassment, humiliation, damage to reputation, and emotional distress;

   d. Attorney's fees and expenses in pursuing redress for the wrong he has suffered by the actions of the Defendant; and

   e. Permanent damage to his ability to secure employment at a level with similar and higher pay and at a level below what his experience and training should generate.

## COUNT I

### DISCRIMINATION BASED ON SEX IN VIOLATION OF TITLE VII

30. Plaintiff restates paragraphs 1 through 29 above and incorporates them by reference as if fully restated herein.

31. This count is instituted under 42 U.S.C. §2000e-2 (a)(1) of Title VII.

32. Plaintiff is a homosexual male and at all relevant times was employed by Defendant in St. Louis City, Missouri.

33. Defendant discriminated against Plaintiff on account of his sex/sexual orientation in violation of the above stated statue by ignoring Plaintiff's complaints of harassment/hostile work environment caused by Mr. Dunnavant and retaliating against Plaintiff for making lodging his complaints and concerns with Ms. Dougherty.

34. The rationales for the handling of Plaintiff's complaints of harassment were pretextual.

35. The above-described actions are discriminatory in nature and specifically designated to discriminate against Plaintiff on account of his sex/sexual orientation.

36. Plaintiff seeks damages under Title VII of the Civil Rights Act for the Defendant's unlawful employment practices which are related in whole or in part to discrimination based on sex/sexual orientation against Plaintiff.

WHEREFORE, Plaintiff prays for judgment in Count I in his favor and against the Defendant and requests the following relief:

   a. Declaring all acts in violation of Title VII;
   b. Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;
   c. That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;
   d. That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendant for its conduct complained here within; and

e.  That Plaintiff be awarded the costs of this litigation and his reasonable attorneys' fees.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII

37. Plaintiff restates paragraphs 1 through 36 above and incorporates them by reference as if fully restated herein.

38. Defendant intentionally engaged in unlawful employment practices by discriminating against the Plaintiff based upon retaliation for having complained of sexual harassment by co-workers and being subjected to disparate treatment, all in in violation of Title VII of the Civil Rights Act of 1964.

39. Defendant's discrimination against Plaintiff, includes, but is not limited to retaliation against Plaintiff by demoting him and working Plaintiff outside of his work restrictions.

40. The above-described actions are discriminatory in nature and specifically designated to harass Plaintiff.

41. Plaintiff seeks damages under Title VII of the Civil Rights Act for the Defendant's unlawful employment practices which are related in whole or in part to retaliation against Plaintiff.

WHEREFORE, Plaintiff prays for judgment in Count I in her favor and against the Defendants, jointly and severally, and requests the following relief:

a.  Declaring all acts in violation of Title VII;

b.  Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have

    received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

  c. That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

  d. That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendants for their conduct complained here within; and;

  e. That Plaintiff be awarded the costs of this litigation and her reasonable attorneys' fees.

## COUNT III

### DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF ADA

42. Plaintiff restates paragraphs 1 through 41 above and incorporates them by reference as if fully restated herein.

43. Plaintiff suffered from a torn labrum of the hip, due to arthritic build-up.

44. As a result of these conditions, Plaintiff is disabled in that many of his major life activities have been substantially limited.

45. Defendants perceived or regarded Plaintiff as disabled because he was provided light duty due to his work-related injuries.

46. During his employment with Defendant, Plaintiff was able to perform the essential functions of his job with and without reasonable accommodation, and continually performed at an above average level.

47. Defendant discriminated against Plaintiff on the basis of his disability by demoting Plaintiff when his disability required him to miss a substantial amount of work.

48. Plaintiff's disability was a substantial or motivating factor in Defendant's adverse employment actions against Plaintiff.

49. Defendant's discrimination against Plaintiff because of his disability has violated his right to be free from discrimination under the American with Disabilities Act of 1990, 42 U.S.C. §§12101, et seq.

50. The above-described actions are discriminatory in nature and specifically designated to harass Plaintiff.

51. Plaintiff seeks damages under the ADA for the Defendant's unlawful employment practices which are related in whole or in part to the disability of the Plaintiff.

WHEREFORE, Plaintiff prays for judgment in Count VII in her favor and against the Defendants, jointly and severally, and requests the following relief:

　　a. Declaring all acts in violation of the ADA;

　　b. Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

　　c. That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

　　d. That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendants for their conduct complained here within; and;

　　e. That Plaintiff be awarded the costs of this litigation and his reasonable attorneys' fees.

Respectfully submitted,

CLARK LAW OFFICES, LLC

/s/ William J. Clark, IV
William J. Clark
MBE #40134
1717 Park Avenue
St. Louis, MO 63104
Ph:  (314) 495-8797
Fax: (866) 970-2437
Email:  williamclark687@gmail.com

Attorney for Plaintiff

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to:

Rodemyer-Christel, Inc.
c/o Registered Agent: Richard Greenberg
3630 Grandel Square
St. Louis, MO 63108

/s/ William J. Clark, IV
William J. Clark
MBE# 40134